# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF
## DIVISION

In re: §
§
HAMMERSMITH, MARK § Case No. 13-17516 CAD
HAMMERSMITH, DEBRA JEAN §
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter    of the United States Bankruptcy Code was filed on    . The undersigned trustee was appointed on            .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of                $

   Funds were disbursed in the following amounts:

   Payments made under an interim disbursement
   Administrative expenses
   Bank service fees
   Other payments to creditors
   Non-estate funds paid to 3rd Parties
   Exemptions paid to the debtor
   Other payments to the debtor

   Leaving a balance on hand of[1]            $

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing non-governmental claims in this case was _____ and the deadline for filing governmental claims was _____. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $_____. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $_____ as interim compensation and now requests a sum of $_____, for a total compensation of $_____ [2]. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $_____, and now requests reimbursement for expenses of $_____, for total expenses of $_____ [2].

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date:_____   By:/s/Joseph A. Baldi_____
                                             Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

UST Form 101-7-TFR (5/1/2011) *(Page: 2)*

FORM 1

INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT

ASSET CASES

Page: 1

Exhibit A

| Case No: | 13-17516 | Judge: Carol A. Doyle | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|---|
| Case Name: | HAMMERSMITH, MARK | | Date Filed (f) or Converted (c): | 04/25/13 (f) |
| | HAMMERSMITH, DEBRA JEAN | | 341(a) Meeting Date: | 06/28/13 |
| For Period Ending: | 02/13/14 | | Claims Bar Date: | 10/02/13 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) Abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. BMO Harris Checking Account | 170.62 | 0.00 | | 0.00 | FA |
| 2. BMO Harris Checking | 20.98 | 0.00 | | 0.00 | FA |
| 3. Leanne Kolman Security deposit | 2,650.00 | 0.00 | | 0.00 | FA |
| 4. 2 Bedroom sets, Dining Room table, 2 couches, misc | 50.00 | 0.00 | | 0.00 | FA |
| 5. Hertz Life Insurance 6 times base pay upon death. | 0.00 | 0.00 | | 0.00 | FA |
| 6. Allstate Life Insurance Company payable upon death | 0.00 | 0.00 | | 0.00 | FA |
| 7. Hertz Defined Benefit Pension Plan will receive a | 81,762.59 | 0.00 | | 0.00 | FA |
| 8. Hertz 401 K through employer | 109,563.84 | 0.00 | | 0.00 | FA |
| 9. Fidelity Roanoke Group Inc. Retirement Savings Pla | 403.57 | 0.00 | | 0.00 | FA |
| 10. 2012 Chevrolet Captiva | 16,177.00 | 0.00 | | 0.00 | FA |
| 11. 2013 Hyundai Santa Fe | 33,000.00 | 0.00 | | 0.00 | FA |
| 12. 1969 Chevrolet Camero. Excellent condition. 14,000 | 90,000.00 | 39,900.00 | | 30,000.00 | FA |
| 13. Star -Dog 11 yrs old | 0.00 | 0.00 | | 0.00 | FA |
| 14. Gino- dog 9 1/2 years old | 0.00 | 0.00 | | 0.00 | FA |
| TOTALS (Excluding Unknown Values) | $333,798.60 | $39,900.00 | | $30,000.00 | Gross Value of Remaining Assets $0.00 (Total Dollar Amount in Column 6) |

_____

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Debtor owned 1969 Chevy Camaro Z28. Placed with dealer on consignment to sel per order 9/11/13. Car sold 10/9/13.

Trustee reviewed claims and prepared TFR

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Page: 2
Exhibit A

| | | |
|---|---|---|
| Case No: | 13-17516   Judge: Carol A. Doyle | Trustee Name:    Joseph A. Baldi |
| Case Name: | HAMMERSMITH, MARK | Date Filed (f) or Converted (c):    04/25/13 (f) |
| | HAMMERSMITH, DEBRA JEAN | 341(a) Meeting Date:    06/28/13 |
| | | Claims Bar Date:    10/02/13 |

Initial Projected Date of Final Report (TFR): 02/01/14     Current Projected Date of Final Report (TFR): 02/01/14

FORM 2

Page: 1

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Exhibit B

| Case No: | 13-17516 -CAD | | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|---|
| Case Name: | HAMMERSMITH, MARK | | Bank Name: | Associated Bank |
| | HAMMERSMITH, DEBRA JEAN | | Account Number / CD #: | *******6834  Checking Account |
| Taxpayer ID No: | *******5824 | | | |
| For Period Ending: | 02/13/14 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 12/20/13 | | Trsf In From Congressional Bank | INITIAL WIRE TRANSFER IN | 9999-000 | 20,968.55 | | 20,968.55 |
| 01/08/14 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | 12.06 | 20,956.49 |
| 02/05/14 | 003001 | International Sureties | Bond Premium Payment | 2300-000 | | 16.79 | 20,939.70 |
| | | 701 Poydras Street  #420 | Annual premium payment | | | | |
| | | New Orleans, LA 70139 | | | | | |

|  |  |  |  |  |  |
|---|---|---|---|---|---|
| | | Account *******6834 | Balance Forward | 0.00 | |
| | | 0 Deposits | 0.00 | 1 Checks | 16.79 |
| | | 0 Interest Postings | 0.00 | 1 Adjustments Out | 12.06 |
| Memo Allocation Receipts: | 0.00 | | | 0 Transfers Out | 0.00 |
| Memo Allocation Disbursements: | 0.00 | Subtotal | $ 0.00 | | |
| | | | | Total | $ 28.85 |
| Memo Allocation Net: | 0.00 | 0 Adjustments In | 0.00 | | |
| | | 1 Transfers In | 20,968.55 | | |
| | | Total | $ 20,968.55 | | |

FORM 2

ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Page: 2

Exhibit B

| Case No: | 13-17516 -CAD | | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|---|
| Case Name: | HAMMERSMITH, MARK | | Bank Name: | Congressional Bank |
| | HAMMERSMITH, DEBRA JEAN | | Account Number / CD #: | *******0077 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******5824 | | | |
| For Period Ending: | 02/13/14 | | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | Uniform | 5 | 6 | 7 |
|---|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |
| | | | BALANCE FORWARD | | | | 0.00 |
| 10/11/13 | 12 | Midwest Car Exchange, Inc. | SALE OF PERSONAL PROPERTY | | 28,000.00 | | 28,000.00 |
| | | 12533 S. Laramie Avenue | | | | | |
| | | Alsip, Il 60803 | | | | | |
| | | MIDWEST CAR EXCHANGE | Memo Amount: 30,000.00 | 1229-000 | | | |
| | | | Gross Sale Proceeds | | | | |
| | | MIDWEST CAR EXCHANGE | Memo Amount: ( 2,000.00 ) | 3610-000 | | | |
| | | | Commission per order 9/11/13 | | | | |
| 11/05/13 | | CONGRESSIONAL BANK | Monthly Bank Service Fee | 2600-000 | | 16.30 | 27,983.70 |
| | | 6500 Rock Spring Drive, Suite 300 | | | | | |
| | | Bethesda, MD 20817 | | | | | |
| 11/15/13 | 001001 | Mark Hammersmith | DEBTOR'S EXEMPTION | 8100-000 | | 6,986.40 | 20,997.30 |
| | | c/o Joel Stephen | Debtor's Exemption in 1969 Chevrolet Camaro | | | | |
| | | Beverly and Pause | | | | | |
| | | 30 N. La Salle Street, Suite 1740 | | | | | |
| | | Chicago, IL 60602 | | | | | |
| 12/05/13 | | CONGRESSIONAL BANK | Bank Service Charge | 2600-000 | | 28.75 | 20,968.55 |
| 12/20/13 | | Trsf To Associated Bank | FINAL TRANSFER | 9999-000 | | 20,968.55 | 0.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| | | | Account *******0077 | Balance Forward | 0.00 | | |
| | | | 1 | Deposits | 28,000.00 | 1 Checks | 6,986.40 |
| | | | 0 | Interest Postings | 0.00 | 2 Adjustments Out | 45.05 |
| Memo Allocation Receipts: | 30,000.00 | | | Subtotal | $ 28,000.00 | 1 Transfers Out | 20,968.55 |
| Memo Allocation Disbursements: | 2,000.00 | | | | | | |
| | | | | | | Total | $ 28,000.00 |
| Memo Allocation Net: | 28,000.00 | | 0 | Adjustments In | 0.00 | | |
| | | | 0 | Transfers In | 0.00 | | |
| | | | | Total | $ 28,000.00 | | |

UST Form 101-7-TFR (5/1/2011) *(Page: 6)*
LFORM2T4

Ver: 17.04b

FORM 2

**ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD**

Page: 3
Exhibit B

| Case No: | 13-17516 -CAD | Trustee Name: | Joseph A. Baldi |
|---|---|---|---|
| Case Name: | HAMMERSMITH, MARK | Bank Name: | Congressional Bank |
| | HAMMERSMITH, DEBRA JEAN | Account Number / CD #: | *******0077 Checking Account (Non-Interest Earn |
| Taxpayer ID No: | *******5824 | | |
| For Period Ending: | 02/13/14 | Blanket Bond (per case limit): | $ 5,000,000.00 |
| | | Separate Bond (if applicable): | |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description Of Transaction | Uniform Trans. Code | Deposits ($) | Disbursements ($) | Account / CD Balance ($) |

| | | | | | | |
|---|---|---|---|---|---|---|
| Total Allocation Receipts: | 30,000.00 | Report Totals | Balance Forward | 0.00 | | |
| Total Allocation Disbursements: | 2,000.00 | 1 | Deposits | 28,000.00 | 2 Checks | 7,003.19 |
| | | 0 | Interest Postings | 0.00 | 3 Adjustments Out | 57.11 |
| Total Memo Allocation Net: | 28,000.00 | | | | 1 Transfers Out | 20,968.55 |
| | | | Subtotal | $ 28,000.00 | | |
| | | | | | Total | $ 28,028.85 |
| | | 0 | Adjustments In | 0.00 | | |
| | | 1 | Transfers In | 20,968.55 | | |
| | | | Total | $ 48,968.55 | Net Total Balance | $ 20,939.70 |

| Page 1 | | EXHIBIT C<br>ANALYSIS OF CLAIMS REGISTER | | | | Date: February 13, 2014 |

Case Number: 13-17516
Debtor Name: HAMMERSMITH, MARK

Claim Class, Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 001<br>3110-00 | Baldi Berg | Administrative | | $3,691.00 | $0.00 | $3,691.00 |
| 001<br>3120-00 | Baldi Berg | Administrative | | $31.41 | $0.00 | $31.41 |
| 001<br>2100-00 | JOSEPH A. BALDI, Trustee<br>20 N Clark Street, Ste. 200<br>Chicago, Illinois 60602 | Administrative | | $3,051.36 | $0.00 | $3,051.36 |
| 001<br>2200-00 | JOSEPH A. BALDI, Trustee<br>20 N Clark Street, Ste. 200<br>Chicago, Illinois 60602 | Administrative | | $16.78 | $0.00 | $16.78 |
| 001<br>3410-00 | Popowcer Katten, Ltd<br>35 E. Wacker Drive<br>Suite 1550<br>Chicago, Il 60601-2207 | Administrative | | $980.00 | $0.00 | $980.00 |
| BOND<br>001<br>2300-00 | International Sureties<br>701 Poydras Street #420<br>New Orleans, LA 70139 | Administrative | 2221656834  02/05/14  3001 | $16.79<br><br>16.79 | $16.79 | $0.00 |
| | Subtotal for Class Administrative | | | $7,787.34 | $16.79 | $7,770.55 |
| 000001<br>070<br>7100-00 | Discover Bank<br>DB Servicing Corporation<br>PO Box 3025<br>New Albany, OH 43054-3025 | Unsecured | | $15,713.62 | $0.00 | $15,713.62 |
| 000002<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>P.O. Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $29,276.35 | $0.00 | $29,276.35 |
| 000003<br>070<br>7100-00 | Capital One Bank USA, N.A.<br>by American InfoSource LP as agent<br>P.O. Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $11,362.89 | $0.00 | $11,362.89 |
| 000004<br>070<br>7100-00 | Capital One Bank (USA), N.A.<br>by American InfoSource LP as agent<br>P.O. Box 71083<br>Charlotte, NC 28272-1083 | Unsecured | | $4,523.23 | $0.00 | $4,523.23 |
| 000005<br>070<br>7100-00 | American Express Bank, FSB<br>Attorneys/Agent for Creditor<br>c/o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $10,676.53 | $0.00 | $10,676.53 |
| 000006<br>070<br>7100-00 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $16,282.57 | $0.00 | $16,282.57 |

Page 2

**EXHIBIT C**
**ANALYSIS OF CLAIMS REGISTER**

Date: February 13, 2014

Case Number: 13-17516
Debtor Name: HAMMERSMITH, MARK

Claim Class, Priority Sequence (No Pay Hold)

| Code # | Creditor Name & Address | Claim Class | Notes | Amount Allowed | Paid to Date | Claim Balance |
|---|---|---|---|---|---|---|
| 000007 070 7100-00 | American Express Bank, FSB<br>c o Becket and Lee LLP<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $11,045.84 | $0.00 | $11,045.84 |
| 000008 070 7100-00 | American Express Centurion Bank<br>c/o Becket and Lee LLP<br>Attorneys/Agent for Creditor<br>POB 3001<br>Malvern, PA 19355-0701 | Unsecured | | $2,672.25 | $0.00 | $2,672.25 |
| 000009 070 7100-00 | CERASTES, LLC<br>C O WEINSTEIN AND RILEY, PS<br>2001 WESTERN AVENUE, STE 400<br>SEATTLE, WA 98121 | Unsecured | | $6,517.84 | $0.00 | $6,517.84 |
| 000010 070 7100-00 | Pelican Offspring Holdings, LP<br>11527 Royalshire Drive<br>Dallas, TX 75230 | Unsecured | | $75,673.97 | $0.00 | $75,673.97 |
| | Subtotal for Class Unsecured | | | $183,745.09 | $0.00 | $183,745.09 |
| | Case Totals: | | | $191,532.43 | $16.79 | $191,515.64 |

Code #: Trustee's Claim Number, Priority Code, Claim Type

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 13-17516 CAD
Case Name: HAMMERSMITH, MARK
     HAMMERSMITH, DEBRA JEAN
Trustee Name: Joseph A. Baldi

      Balance on hand           $

Claims of secured creditors will be paid as follows:

NONE

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Joseph A. Baldi | $ | $ | $ |
| Trustee Expenses: Joseph A. Baldi | $ | $ | $ |
| Attorney for Trustee Fees: Baldi Berg | $ | $ | $ |
| Accountant for Trustee Fees: Popowcer Katten, Ltd | $ | $ | $ |
| Other: International Sureties | $ | $ | $ |
| Other: Baldi Berg | $ | $ | $ |

    Total to be paid for chapter 7 administrative expenses     $_____

    Remaining Balance     $_____

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

UST Form 101-7-TFR (5/1/2011) *(Page: 10)*

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $       must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $           have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be      percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000001 | Discover Bank | $ | $ | $ |
| 000002 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000003 | Capital One Bank USA, N.A. | $ | $ | $ |
| 000004 | Capital One Bank (USA), N.A. | $ | $ | $ |
| 000005 | American Express Bank, FSB | $ | $ | $ |
| 000006 | American Express Bank, FSB | $ | $ | $ |
| 000007 | American Express Bank, FSB | $ | $ | $ |
| 000008 | American Express Centurion Bank | $ | $ | $ |
| 000009 | CERASTES, LLC | $ | $ | $ |

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 000010 | Pelican Offspring Holdings, LP | $ | $ | $ |

    Total to be paid to timely general unsecured creditors      $_____

    Remaining Balance      $_____


    Tardily filed claims of general (unsecured) creditors totaling $ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be percent.

    Tardily filed general (unsecured) claims are as follows:

NONE


    Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be percent.

    Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE