UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Mark and Debra Jean Hammersmith, | ) | Case No. 13-17516 |
| | ) | |
| Debtors. | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: March 20, 2014 |
| | ) | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:          Joseph A. Baldi, Trustee

Authorized to Provide
Professional Services to:   Estate

Date of Order Authorizing
Employment:                 April 25, 2013

Period for Which
Compensation is sought:     April 25, 2013 to Close of Case

Amount of Fees sought:      $3,051.36

Amount of Expense
Reimbursement sought:       $16.78

This is an:   Interim Application ___        Final Application  _**X**_

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| | | Total Requested | Total |
|---|---|---|---|
| <u>Date Filed</u> | <u>Period Covered</u> | <u>(Fees & Expenses)</u> | <u>Allowed</u> |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:  N/A .

Dated: January 28, 2014                Joseph A. Baldi, Trustee of the Estate of
                                       Mark & Debra Jean Hammersmith, Debtors


                                       By:  ____/s/Joseph A. Baldi, Trustee_____
                                            Joseph A. Baldi, Trustee

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re | ) | Chapter 7 |
| | ) | |
| Mark & Debra Jean Hammersmith, | ) | Case No. 13-17516 |
| | ) | |
| Debtors. | ) | Hon. Carol A. Doyle |
| | ) | Hearing Date: March 20, 2014 |
| | ) | Hearing Time: 10:30 a.m. |

**First and Final Application for Allowance and Payment of
Compensation and Expense Reimbursement of Joseph A. Baldi, as Trustee**

Joseph A. Baldi, not personally but solely as trustee ("Trustee") of the estate ("Estate") of Mark & Debra Jean Hammesmith, debtors ("Debtors"), pursuant to sections 326 and 330 of title 11, United States Code ("Code"), requests this Court to enter an order allowing and authorizing payment to Trustee of $3,051.36 as final compensation for services rendered as trustee in this case from April 25, 2013 through the close of this case and for reimbursement of actual expenses incurred in the amount of $16.78.  In support thereof, Trustee states as follows:

**Introduction**

1. Debtors commenced this case on April 25, 2013 ("Petition Date") by filing a voluntary petition for relief under chapter 7 of the Code.

2. Joseph A. Baldi is the duly appointed, qualified and acting chapter 7 trustee in this case.

3. The Estate's sole asset of value was a 1969 Chevrolet Camaro Z28 ("Car").

4. The bar date for filing claims in this case was October 2, 2013.

**Prior Compensation and Expense Reimbursement**

5. This is the first and final application ("Application") for allowance of compensation and expense reimbursement filed by Trustee in this case.

6. Trustee has not previously received or been promised any payments for services rendered or to be rendered or expenses incurred in this case.

**Services Rendered by Trustee**

7.     Since his appointment in this case, Trustee has performed actual, necessary and valuable services on behalf of the Estate. Itemized billing statements describing the Trustee's services from the date of appointment through the close of the case are attached hereto as Exhibit A. Those services rendered by Trustee since his appointment in this case include but are not limited to the following:

A.    Trustee reviewed the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs. Trustee conducted an examination of the Debtors pursuant Section 341 of the Code.

B.    Trustee investigated the Estate's interest in and the liquidation value of the Car; Trustee worked with his attorneys to find a qualified auto reseller to liquidate the Car; Trustee directed his attorneys to obtain court approval to retain the chosen consignment auto dealership (namely, Midwest Car Exchange ("MCE")) and to sell the Car for a price not less than $25,000.00; approximately 30 days after receiving court approval to retain MCE, Trustee received an offer to purchase the Car for $30,000.00; pursuant to this Court's order dated September 11, 2013, Trustee was authorized to accept the offer, pay the commission to MCE and pay the Debtors' claimed exemption in the Car; Trustee executed necessary documents to effectuate the sale of the Car and collected $28,000.00 from MCE representing the gross sale price less the allowed commission due MCE;

C.    Trustee invested and accounted for all funds received by the Estate and set up and maintained all bank accounts for the Estate;

D.    Trustee set up and maintained a computerized case management system for the Estate in order to efficiently keep track of records relating to the Estate's case history, assets, claims and banking activities;

E.    Trustee attended to tax matters for the Estate including overseeing the accountants' preparation of Estate tax returns;

F. Trustee prepared semi-annual reports required by the United States Trustee and met with representatives of the U.S. Trustee regarding the administration and status of the case;

G. Trustee examined, analyzed and verified proofs of claim filed against the Estate; Trustee paid the Debtors' allowed exemption; and

H. Trustee otherwise administered this Estate and directed the allocation, liquidation and distribution of assets to creditors herein.

## Funds Collected and Disbursed by Trustee

8. Trustee has collected the sum of $30,000.00 on behalf of the Estate. Trustee has made $9,043.51 in disbursements in this case as of the date hereof.

9. Copies of the *Form 1 Individual Estate Property Record and Report and Form 2 Cash and Receipts Record* showing the disposition of the assets of this Estate are attached to hereto the Trustee's Final Report, filed simultaneously herewith, as Exhibits A and B, respectively.

## Compensation Requested

10. During the period covered by this Application, Trustee has spent 14.00 hours rendering services on behalf of this Estate with a value of $3,640.00. Trustee estimates that he will spend an additional four hours rendering services with a value of $1,035.00 to obtain approval of the final report, make a final distribution to creditors and prepare and file his final account.

11. The maximum compensation allowable to Trustee pursuant to section 326 of the Code, based upon the receipts and disbursements listed above is $3,051.36 as follows:

| | |
|---|---|
| 25% of the first $5,000.00 | $1,250.00 |
| 10% of the next $18,013.60 | $1,801.36 |
| Total allowable compensation | $3,051.36 |

3

After payment of the Estate's administrative claims, Trustee anticipates that there will be sufficient funds to make a distribution to timely filed general unsecured claims. Trustee does not anticipate that there will be a surplus of funds to be returned to the Debtors. The funds paid to Debtors on account of the allowed personal property exemption in the Car (i.e. $6,986.40) is excluded from the maximum allowable compensation.

12. Based upon the caliber of the services rendered by Trustee and the results achieved in this case, Trustee requests allowance and payment of final compensation for his services rendered as trustee from the time of his appointment through the closing of this case in the amount of $3,051.36. This amount represents reasonable compensation for the services rendered by Trustee and is equal to the maximum compensation allowable as set forth in paragraph 11 above.

13. An affidavit pursuant to Rule 2016 of the Federal Rules of Bankruptcy Procedure, executed by Joseph A. Baldi, as trustee, is attached hereto as Exhibit B.

14. Trustee requests that the compensation requested herein be paid from the Estate funds in his possession.

**Reimbursement of Expenses**

15. Trustee incurred actual and necessary expenses in the amount of $16.78 for which he requests reimbursement. The expenses were incurred in connection with the postage for mailings to taxing authorities of the Estate's tax returns. A detailed listing of the expenses incurred is included within the billing statements attached hereto as Exhibit B.

**Status of the Case**

16. The Trustee has liquidated or sought to abandon at closing all of the assets of the Estate and has completed his review and analysis of the claims filed against the Estate.

17. Trustee has completed and filed his Final Report simultaneously herewith.

WHEREFORE, Joseph A. Baldi, as trustee of the Estate of Mark and Debra Jean Hammersmith requests the entry of an order providing the following:

4

5

   A. Allowing to Trustee final compensation in the amount of $3,051.36 for actual and necessary professional services rendered and to be rendered on behalf of this Estate from April 25, 2013 through the closing of this case;

   B. Allowing to Trustee reimbursement of actual expenses incurred in the amount of $16.78;

   C. Authorizing Trustee to make a distribution of the monies awarded above as part of his final distribution in this case, and

   D. For such other and further relief as this Court deems appropriate.

Dated: January 28, 2014      Joseph A. Baldi, as trustee of the estate of
               Mark & Debra Jean Hammersmith, Debtors


              By:_____/s/_____
                Joseph A. Baldi

Joseph A. Baldi
Attorney I.D. No. 00100145
20 N. Clark St.   Suite 200
Chicago, IL  60602
(312) 726-8150

**Trustee's Final Fee Application**      **Mark & Debra Jean Hammersmith, Debtors**
                                                            **Case No. 13-17516**

Trustee's Itemized Billing Statements

Exhibit A

**Baldi Berg, Ltd.**
**20 N. Clark Street**
**Suite 200**
**Chicago, IL 60602**

**Phone:** (312) 726-8150
**Fax:**   (312) 470-6323                                                                                        **FEIN:** 36-4352753

**Invoice submitted to:**                                                                                January 24, 2014
                                                                                                         Invoice No:   02384

Joseph A. Baldi, Trustee
Baldi Berg, Ltd.
20 N. Clark Street, Suite 200
Chicago, IL 60602

**In Reference to:**   *Hammersmith - Trustee Matters*

**Professional Services**

| Date | Staff | Description | Hours | Charges |
|---|---|---|---|---|
| 7/02/2013 | JMM | Review Letter from Debtor's Counsel, Title, other docs (.4), Compiled search list of Camaros for sale (.3), Set up case information and matters in Time Matters (.2) | 0.90<br>$175.00/ hr | $157.50 |
| 7/03/2013 | JAB | Review information on value of Camaro.  TC to debtor's attorney for contact info on client.  Review web information on valuation, sale or classic cars.  TC with debtor to arrange pick up of the car. | 1.00<br>$450.00/ hr | $450.00 |
| 7/05/2013 | JAB | Travel to and meet with debtor, pick up Camaro. Transport Camaro to Alsip to list with dealer.  Meet with dealer, review and sign consignment agreement. | 3.00<br>$450.00/ hr | $1,350.00 |
| 7/26/2013 | RKP | Update case information and prepare annual report, form 1 and 2 for filing | 0.40<br>$195.00/ hr | $78.00 |
| 10/10/2013 | JMM | Request EIN from IRS (.1), Draft Bank Request Email to Congressional (.1) | 0.20<br>$175.00/ hr | $35.00 |
| 10/11/2013 | JMM | Open new bank account and deposit check into TCMS (.1), Send Check to Congressional via FedEx (.1), Draft Letter to Midwest Car Exchange re: Signed Sales Agreement, Title, Order (.7), Prepare FedEx Label (.1) | 1.00<br>$175.00/ hr | $175.00 |

**Baldi Berg, Ltd**                                                                 1/24/2014

Hammersmith - Trustee Matters                                                Page    2

| Date | Initials | Description | Hours | Amount |
|---|---|---|---|---|
| 11/13/2013 | RKP | Review case file for information needed by accountant for tax returns (.3); phone call to Debtor's counsel re: same (.1) | 0.40 $195.00/ hr | $78.00 |
| 11/15/2013 | JMM | Cut Check to Debtors re: Vehicle Exemption (.1), Drafted Letter to Debtor's Counsel re: Exemption Check (.4) | 0.50 $175.00/ hr | $87.50 |
| 11/18/2013 | JMM | Process October 2013 Bank Statement (.1) Reconcile Bank Statement with TCMS (.1) | 0.20 $175.00/ hr | $35.00 |
| 11/25/2013 | JMM | Draft email to RKP re: Original Purchase Order of Vehicle (.2) | 0.20 $175.00/ hr | $35.00 |
| 11/25/2013 | RKP | Compile documents and information needed by accountant for preparation of tax returns (.2); email to L. West re: same (.1). | 0.30 $195.00/ hr | $58.50 |
| 12/11/2013 | JMM | Process November 2013 Bank Statement (.1) Reconcile Bank Statement with TCMS (.1) | 0.20 $175.00/ hr | $35.00 |
| 12/19/2013 | JMM | Draft Letter to IRS re: Filing 2013 Tax Return (.5), Sent via Certified mail (.1), Draft Letter to IDOR re: Filing 2013 State Tax Return (.5), Sent via Certified mail (.1), Draft Prompt Determination Letter to IRS (.4), Draft Prompt Determination Letter to IDOR (.4) | 2.00 $175.00/ hr | $350.00 |
| 1/20/2014 | JMM | Process and Reconcile Congressional Bank Transfer Statement (.1), Process December 2013 Bank Statement (.1) Reconcile Bank Statement with TCMS (.1) | 0.30 $175.00/ hr | $52.50 |
| 1/25/2014 | RKP | Edit time detail in preparation of Trustee's Final Fee Application (.3); additional file review for information needed to prepare final fee application and TFR (.2); draft final fee application (1.3); proposed order, affidavit (.2); draft TFR (1.0); and NFR (.4). | 3.40 $195.00/ hr | $663.00 |

**Baldi Berg, Ltd**                                                                                                1/24/2014

Hammersmith - Trustee Matters                                                                      Page    3

|  |  |
|---|---|
| Total Fees | $3,640.00 |

### *Expenses*

| Start Date | Description | Quantity | Charges |
|---|---|---|---|
| 12/19/2013 | Sent 2013 Federal Tax Return via Certified Mail ($7.17) | 1.00 @ /each | $7.17 |
| 12/19/2013 | Sent 2013 IL State tax Return to IDOR via Certified Mail ($6.77) | 1.00 @ /each | $6.77 |
| 12/19/2013 | Sent Prompt Determination Letters to IRS ($1.32) & to IDOR ($1.52) | 1.00 @ /each | $2.84 |

|  |  |
|---|---|
| Total Expenses | $16.78 |
| Total New Charges | $3,656.78 |
| Previous Balance | $0.00 |
| Balance Due | $3,656.78 |

### *Timekeeper Summary*

| Name | Hours | Rate |
|---|---|---|
| Joseph A Baldi | 4.00 | $450.00 |
| Jason M Manola | 5.50 | $175.00 |
| Ricki K Podorovsky | 4.50 | $195.00 |

**Trustee's Final Fee Application**      **Mark & Debra Jean Hammersmith, Debtors**
                                                    **Case No. 13-17516**

**Rule 2016 Affidavit**

**Exhibit B**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | Chapter 7 |
| ) | | |
| Mark & Debra Jean Hammersmith, ) | | Case No. 13-17516 |
| ) | | |
| Debtors. ) | | Hon. Carol A. Doyle |

**Trustee's Affidavit Pursuant to Rule 2016**

State of Illinois    )
County of Cook    )

I, Joseph A. Baldi, being first duly sworn upon oath, do depose and state as follows:

1. I am the duly appointed, qualified and acting trustee in this case and I have personal knowledge of the facts set forth herein.

2. I have read the First and Final Application for Allowance and Payment of Compensation and Expense Reimbursement of Joseph A. Baldi as trustee ("Application") and all of the factual matters set forth therein are true to the best of my knowledge, information and belief. I or my agents pursuant to my direction performed the services set forth and described in the Application.

3. I have not entered into any agreement with any other person or persons for the sharing of compensation or expense reimbursement received or to be received for services rendered or expenses incurred in connection with this matter, except among the principals and associates of Baldi, Berg, Ltd. (formerly known as Baldi Berg & Wallace, Ltd.), a law firm at which I was employed during the pendency of this case. I have not previously received payment of any compensation for services rendered or reimbursement for expenses incurred in connection with this case.

4. Further affiant sayeth naught.

_____
Joseph A. Baldi

Subscribed and Sworn to before me
on January 28, 2014

_____
Notary Public

OFFICIAL SEAL
JASON M MANOLA
Notary Public - State of Illinois
My Commission Expires Nov 1, 2015

**Exhibit B**